COPY

TYLER M. PAETKAU, Bar No. 146305
OLGA SAVAGE, Bar No. 252009
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendants DAVID MERLIN dba
BENJARONG THAI CUISINE and RAYMOND F.
STIAVETTI (erroneously sued as "RAYMOND F.
STIAVETTI TRUSTEE OF THE RAYMOND
STIAVETTI TRUST")

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CRAIG YATES, an individual; and
DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING
YOU HELP OTHERS, a California public
benefit corporation,

        Plaintiffs,

    v.

BENJARONG THAI CUISINE;
RAYMOND F. STIAVETTI TRUSTEE
OF THE RAYMOND STIAVETTI
TRUST; DAVID MERLIN, an individual
dba BENJARONG THAI CUISINE; and
DOES 1-20, inclusive,

        Defendants.

CV 08 — 2932

Case No.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1331, 1441(b)
AND 1446 (FEDERAL QUESTION)

Complaint Filed: March 27, 2008
Trial Date:    None

TO THE CLERK IN THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS

CRAIG YATES AND DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:

HELPING YOU HELP OTHERS:

    PLEASE TAKE NOTICE THAT Defendants DAVID MERLIN dba BENJARONG

THAI CUISINE and RAYMOND F. STIAVETTI (erroneously sued as "RAYMOND F.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

1.

STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST"), hereby give Notice of Removal of the above-entitled action from the San Francisco County Superior Court to the United States District Court for the Northern District of California, San Francisco Division and state as follows:

1.      This action was commenced on March 27, 2008, by the Complaint filed in the Superior Court for the County of San Francisco, entitled *Craig Yates, An Individual; And Disability Rights Enforcement, Education, Services: Helping You Help Others, a California public benefit corporation, inclusive,* Case No. CGC-08-473716 (hereinafter "the Complaint").

2.      On May 13, 2008, Plaintiffs Craig Yates and Disability Rights Enforcement, Education, Services: Helping You Help Others (hereinafter "Plaintiffs") personally served Defendant Raymond Stiavetti with a copy of the Summons and Complaint. Attached as Exhibit A is a true and correct copy of the Summons and Complaint.

3.      On June 12, 2008, Defendants filed an Answer to Plaintiffs' Complaint in the Superior Court for the County of San Francisco. Attached as Exhibit B is a true and correct copy of the Answer.

4.      No further proceedings have been heard at the Superior Court for the County of San Francisco.

5.      The instant Notice of Removal is timely filed as it is within thirty (30) days of the service date upon Defendant Raymond Stiavetti of the initial pleading pursuant to 28 U.S.C. § 1446(b).

6.      A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the San Francisco County and served upon all parties as required by 28 U.S.C. § 1446(d).

## JURISDICTION

7.      This is a suit of a wholly civil nature brought in a California court. The action is now pending in San Francisco County, California. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1446. This case may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) as a result of the existence of original jurisdiction based on federal

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

2.

1    question.

2    **INTRADISTRICT ASSIGNMENT**

3        8.    All civil actions that arise in the county of San Francisco shall be assigned to

4    the San Francisco Division or the Oakland Division.  Northern District Civil Local Rule 3-2(c) and

5    (d); 3-5(b).  Further, assignment in the San Francisco Division is proper because a substantial part of

6    the events or omissions giving rise to the claim occurred and a substantial part of property that is the

7    subject of the action is situated in the County of San Francisco, California.  Northern District Civil

8    Local Rule 3-2(c) and (d).

9    **FEDERAL QUESTION**

10        9.    Defendants are the owners and operators, lessors and/or lessees or agents, or

11    agents of the owners lessors and/or lessees of the Benjarong Thai Restaurant, 1968 Lombard Street,

12    San Francisco, California, 94109.

13        10.    Upon information and belief, Plaintiff Craig Yates, a disabled person,

14    patronized and/or attempted to patronize Benjarong Thai Restaurant on or about August 1, 2007;

15    August 7, 2007; August 12, 2007; December 17, 2007 and March 7, 2008, but claims that he was

16    unable to do so because the business was allegedly inaccessible because the subject facilities

17    allegedly did not comply with the ADA Access Guidelines For Buildings and Facilities.  As a result,

18    Plaintiffs filed the Complaint.  The Complaint alleges the following causes of action: denial of

19    access by a public accommodation in violation of the Americans with Disabilities Act; denial of full

20    and equal access in violation of the California Civil Code; denial of accessible sanitary facilities in

21    violation of the California Health & Safety Code; and denial of access to full and equal

22    accommodations, advantages, facilities, privileges and/or services in violation of the California

23    Unruh Civil Rights Act.

24        11.    Because Plaintiffs allege that Defendants denied them access to a public

25    accommodation in violation of the Americans with Disabilities Act, a federal statue, this action is a

26    civil action arising under the laws of the United States of which this Court has original jurisdiction

27    over pursuant to 28 U.S.C. § 1331. Defendants may remove this action to this Court pursuant to 28

28    U.S.C. §§ 1441(b) and 1446 because of the existence of original jurisdiction based on federal

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                3.

1    question.  With respect Plaintiff's California state law causes of action, these causes of action are

2    removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. §1367 because they

3    are so related to the federal causes of action that they form part of the same case or controversy.

4    Thus, this action is removable in its entirety.

5         12.    Contemporaneously with the filing of this Notice of Removal in the United

6    States District Court for the Northern District of California, Defendants will file a Notice to

7    Plaintiffs, Plaintiffs' Counsel and State Court (with its attachments) of Removal of Civil Action

8    Pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446 (Federal Question) with the Clerk of the Superior

9    Court for the County of San Francisco.  Attached as Exhibit C is a true and correct of said Notice

10   without attachments.

11        Wherefore, having provided notice as is required by law, the above-entitled action

12   should be removed from the Superior Court for the County of San Francisco to this Court.

13   Dated: June 12, 2008

14

15

16   TYLER M. PAETKAU
     LITTLER MENDELSON
17   A Professional Corporation
     Attorneys for Defendants DAVID MERLIN
18   dba BENJARONG THAI CUISINE and
     RAYMOND F. STIAVETTI (erroneously sued
19   as "RAYMOND F. STIAVETTI TRUSTEE
     OF THE RAYMOND STIAVETTI TRUST")

20

21

22

23

24

25

26

27

28

Firmwide:85517513.1 999998.2008

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    4.

# EXHIBIT A

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BENJARONG THAI CUISINE; RAYMOND F. STIAVETTI TRUSTEE
OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an
individual dba BENJARONG THAI CUISINE; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CRAIG YATES, an individual; and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
OTHERS, a California public benefit corporation,

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CGC-08-473716 |
|---|---|

SUPERIOR COURT OF SAN FRANCISCO
400 MC ALLISTER ST, RM 103
SAN FRANCISCO, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas E. Frankovich, 2806 Van Ness Ave, San Francisco, CA 94109
415-674-8600

| DATE: *(Fecha)* MAR 2 7 2008 | Gordon Park-Li | Clerk, by *(Secretario)* | P. NATT | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [X] as an individual defendant.
2. [X] as the person sued under the fictitious name of *(specify):*

    Benjarong Thai Cuisine

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  A Professional Law Corporation
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900
   Attorneys for Plaintiffs
5  CRAIG YATES
   and DISABILITY RIGHTS
6  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
7  HELP OTHERS

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              IN AND FOR SAN FRANCISCO COUNTY

11  CRAIG YATES, an individual; and      )   CASE NO.
    DISABILITY RIGHTS ENFORCEMENT,       )   Civil Rights
12  EDUCATION, SERVICES: HELPING         )
    YOU HELP OTHERS, a California public  )   COMPLAINT FOR INJUNCTIVE RELIEF
13  benefit corporation,                 )   AND DAMAGES:
                                         )
14        Plaintiffs,                    )   1st CAUSE OF ACTION: For Denial of Access
                                         )   by a Public Accommodation in Violation of the
15  v.                                   )   Americans with Disabilities Act of 1990 (42
                                         )   U.S.C. §12101, et seq.)
16  BENJARONG THAI CUISINE;              )
    RAYMOND F. STIAVETTI TRUSTEE OF )       2nd CAUSE OF ACTION: For Denial of Full
17  THE RAYMOND STIAVETTI TRUST;         )   and Equal Access in Violation of California
    DAVID MERLIN an individual dba       )   Civil Code §§54, 54.1 and 54.3
18  BENJARONG THAI CUISINE; and DOES )
    1-20, inclusive,                     )   3rd CAUSE OF ACTION: For Denial of
19                                       )   Accessible Sanitary Facilities in Violation of
          Defendants.                    )   California Health & Safety Code §19955, et seq.
20  _____     )
                                             4th CAUSE OF ACTION: For Denial of
21                                           Access to Full and Equal Accommodations,
                                             Advantages, Facilities, Privileges and/or
22                                           Services in Violation of California Civil Code
                                             §51, et seq. (The Unruh Civil Rights Act)
23

24

25                                           DEMAND FOR JURY

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                    1

# SERVICE LIST
## SUPERIOR COURT OF THE STATE OF CALIFORNIA IN THE CITY & COUNTY OF SAN FRANCISCO

**Craig Yates, et. al, v. Benjarong Thai Cuisine, et. al**
**Case No.**

Raymond F. Stiavetti, trustee
Raymond Stiavetti Trust
164 Mc Near Dr.
San Rafael, CA 94901

David Merlin, an individual
Dba Benjarong Thai Cuisine
1968 Lombard Street
San Francisco, CA 94109

1 THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2 A Professional Law Corporation
2806 Van Ness Avenue
3 San Francisco, CA 94109
Telephone: 415/674-8600
4 Facsimile: 415/674-9900
Attorneys for Plaintiffs
5 CRAIG YATES
and DISABILITY RIGHTS
6 ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
7 HELP OTHERS

ENDORSED
**F I L E D**
San Francisco County Superior Court

MAR 2 7 2008

**GORDON PARK-LI, Clerk**
BY: _____
                    Deputy Clerk

CASE MANAGEMENT CONFERENCE SET  PARAM NATT

AUG 2 9 2008 - 9ᴼᴼ AM

DEPARTMENT 212

8

9 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 **IN AND FOR SAN FRANCISCO COUNTY**

11 CRAIG YATES, an individual; and
DISABILITY RIGHTS ENFORCEMENT, )
12 EDUCATION, SERVICES: HELPING )
YOU HELP OTHERS, a California public )
13 benefit corporation, )
14         Plaintiffs, )
15 v. )
16 BENJARONG THAI CUISINE; )
RAYMOND F. STIAVETTI TRUSTEE OF )
17 THE RAYMOND STIAVETTI TRUST; )
DAVID MERLIN an individual dba )
18 BENJARONG THAI CUISINE; and DOES )
1-20, inclusive, )
19 )
        Defendants. )
20 _____ )

**CASE NO.**
Civil Rights  C G C - 0 8 - 4 7 3 7 1 6

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1ˢᵗ CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, et seq.)

**2ⁿᵈ CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3ʳᵈ CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, et seq.

**4ᵗʰ CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, et seq. (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3    corporation (hereinafter sometimes referred to as "DREES"), complain of defendants

4    RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID

5    MERLIN an individual dba BENJARONG THAI CUISINE; and DOES 1-20, inclusive, and

6    allege as follows:

7    **INTRODUCTION:**

8            1.      This is a civil rights action for discrimination against persons with physical

9    disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

10   members, for failure to remove architectural barriers structural in nature at defendants'

11   BENJARONG THAI CUISINE , a place of public accommodation, thereby discriminatorily

12   denying plaintiffs and the class of other similarly situated persons with physical disabilities

13   access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the

14   goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and

15   damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.;

16   California Civil Code §§51, 51.5 and 54, et seq.; and California Health & Safety Code §19955, et

17   seq.

18           2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

19   August 1, 2007, August 7, 2007, August 12, 2007, December 17, 2007 and March 7, 2008, was

20   an invitee, guest, patron, customer at defendants' BENJARONG THAI CUISINE , in the City of

21   San Francisco, California.  At said time and place, defendants failed to provide proper legal

22   access to the restaurant, which is a "public accommodation" and/or a "public facility" including,

23   but not limited to the entrance.  The denial of access was in violation of both federal and

24   California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights

25   to full and equal access, and was embarrassed and humiliated.

26   **JURISDICTION AND VENUE:**

27           3.      **Jurisdiction:**  This Court has jurisdiction of this action pursuant to California

28   Civil Code §51, et seq. and §54, et seq., California Health & Safety Code §19955 et seq.,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1  including §19959 and Title 24, California Building Standards Code. Further, a violation of the

2  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., is a violation of Civil Code

3  §51 & 54.

4       4.    **Venue:**  Venue is proper in this court and is founded on the facts that the real

5  property which is the subject of this action is located at/near 1968 Lombard Street, in the City

6  and County of San Francisco, State of California, and that plaintiffs' causes of action arose in

7  this county.

8  **PARTIES:**

9       5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

10  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

11  disabled", "physically handicapped" and "person with physical disabilities" are used

12  interchangeably, as these words have similar or identical common usage and legal meaning, but

13  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

14  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

15  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

16  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

17  and United States laws. Plaintiff is a  triplegic. Plaintiff CRAIG YATES  requires the use of a

18  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

19  portion of the public whose rights are protected by the provisions of Health & Safety Code

20  §19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped

21  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51and 51.5 the

22  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

23  §12101, et seq.

24       6.    Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:

25  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

26  with persons with disabilities to empower them to be independent in American society. DREES

27  accomplishes its goals and purposes through education on disability issues, enforcement of the

28  rights of persons with disabilities, and the provision of services to persons with disabilities, the

1  general public, public agencies and the private business sector. DREES brings this action on

2  behalf of its members, many of whom are persons with physical disabilities and whom have

3  standing in their right to bring this action.

4     7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

5  and invitees at the subject BENJARONG THAI CUISINE , and that the interests of plaintiff

6  DREES in removing architectural barriers at the subject restaurant advance the purposes of

7  DREES to assure that all public accommodations, including the subject restaurant, are accessible

8  to independent use by mobility-impaired persons.

9     8.    Defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND

10  STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE; and

11  DOES 1-20, inclusive, (hereinafter alternatively collectively referred to as "defendants") are the

12  owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of

13  the public accommodation known as BENJARONG THAI CUISINE , located at/near 1968

14  Lombard Street, San Francisco, California, or of the building and/or buildings which constitute

15  said public accommodation.

16     9.    At all times relevant to this complaint, defendants RAYMOND F. STIAVETTI

17  TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba

18  BENJARONG THAI CUISINE; and DOES 1-20, inclusive, own and operate in joint venture the

19  subject BENJARONG THAI CUISINE as a public accommodation.  This business is open to the

20  general public and conducts business therein.  The business is a "public accommodation" or

21  "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, et seq.,

22  Health and Safety code §19955, et seq., and the ADA, 42 U.S.C. §12101, et seq.

23     10.    At all times relevant to this complaint, defendants RAYMOND F. STIAVETTI

24  TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba

25  BENJARONG THAI CUISINE; and DOES 1-20, inclusive, are jointly and severally responsible

26  to identify and remove architectural barriers at the subject BENJARONG THAI CUISINE

27  pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent

28  part:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

§ 36.201      General

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.     The BENJARONG THAI CUISINE, is a restaurant, located at/near 1968 Lombard Street, San Francisco, California. The BENJARONG THAI CUISINE, its entrance, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the BENJARONG THAI CUISINE  and each of its facilities, its entrance to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.     At all times stated herein, plaintiff CRAIG YATES  was a member of DREES.

13.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the BENJARONG THAI CUISINE as being handicapped accessible and handicapped usable.

14.     On or about August 1, 2007, August 7, 2007, August 12, 2007, December 17, 2007 and March 7, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject BENJARONG THAI CUISINE, for purposes of food and beverage, sometimes alone and sometimes with friend and/or family.

15.     On or about August 1, 2007, August 7, 2007 and August 12, 2007, plaintiff CRAIG YATES attempted to gain entrance into the restaurant but was prevented from so doing because there was a concrete step/threshold.

16.     At said times and place, plaintiff CRAIG YATES could not enter because of the step. Plaintiff CRAIG YATES got the attention of a busboy on the first occasion. The busboy

1  had a waitress take plaintiff CRAIG YATES order from the sidewalk. On the other occasions

2  plaintiff CRAIG YATES got someone's attention to come outside.

3       17.    On or about September 18, 2007, plaintiff CRAIG YATES wrote two (2) letters to

4  the landlord and the tenant informing them of the problem. Plaintiff CRAIG YATES never

5  received a response.

6       18.    On or about December 17, 2007, plaintiff CRAIG YATES returned to

7  BENJARONG THAI CUISINE. Plaintiff CRAIG YATES could not overcome the step.

8  Plaintiff CRAIG YATES got the attention of an employee and ordered food to go.

9       19.    On or about March 7, 2008, plaintiff CRAIG YATES again visited BENJARONG

10  THAI CUISINE. Plaintiff CRAIG YATES could not access the restaurant. Plaintiff CRAIG

11  YATES got the attention of a female patron sitting at the left-front window table.

12       20.    At said time and place, this patron contacted the waitress who came to the door to

13  take plaintiff CRAIG YATES order. When the waitress returned with plaintiff CRAIG

14  YATES's order, plaintiff CRAIG YATES told her he thought that an accessible door could be

15  placed where the right plate glass window existed. She responded that she would tell "Nevin."

16       21.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

17  disability, encountered the following inaccessible elements of the subject BENJARONG THAI

18  CUISINE which constituted architectural barriers and a denial of the proper and legally-required

19  access to a public accommodation to persons with physical disabilities including, but not limited

20  to:

21           a.    lack of directional signage to show accessible routes of travel, i.e
              entrances;

22

23           b.    lack of an accessible entrance due to a six (6) inch step;

24           c.    lack of accessible elements in the men's restroom that could be used by
              semi ambulatory persons;

25           d.    lack of accessible elements in the women's restroom that could be used by
              semi ambulatory persons;

26

27           e.    On personal knowledge, information and belief, other public facilities and
              elements too numerous to list were improperly inaccessible for use by
              persons with physical disabilities.

28

22. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

23. On or about September 18, 2007, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

24. At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

25. As a legal result of defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE; and DOES 1-20, inclusive's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

26. As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities

27. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

1    embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

2    person with physical disabilities being denied access, all to his damages as prayed hereinafter in

3    an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

4    distress over and above that usually associated with the discrimination and physical injuries

5    claimed, and no expert testimony regarding this usual mental and emotional distress will be

6    presented at trial in support of the claim for damages.

7        28.    Defendants', and each of their, failure to remove the architectural barriers

8    complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

9    accommodation, and continues to create continuous and repeated exposure to substantially the

10    same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

11        29.    Plaintiff CRAIG YATES  and the membership of DREES were denied their rights

12    to equal access to a public facility by defendants RAYMOND F. STIAVETTI TRUSTEE OF

13    THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG

14    THAI CUISINE; and DOES 1-20, inclusive, because defendants RAYMOND F. STIAVETTI

15    TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba

16    BENJARONG THAI CUISINE; and DOES 1-20, inclusive, maintained a restaurant without

17    access for persons with physical disabilities to its facilities, including but not limited to the

18    entrance, and other public areas as stated herein, and continue to the date of filing this complaint

19    to deny equal access to plaintiff and other persons with physical disabilities in these and other

20    ways.

21        30.    On information and belief, construction alterations carried out by defendants have

22    also triggered access requirements under both California law and the Americans with Disabilities

23    Act of 1990.

24        31.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the

25    BENJARONG THAI CUISINE to be made accessible to meet the requirements of both

26    California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so

27    long as defendants operate the restaurant as a public facility.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

32. Plaintiffs seek damages for violation of their civil rights on August 1, 2007, August 7, 2007, August 12, 2007, December 17, 2007 and March 7, 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

33. On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

34. Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, et seq. and other accessibility law as plead herein. Plaintiffs seek an order from this court compelling defendants to make the BENJARONG THAI CUISINE accessible to persons with disabilities.

35. On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to profound example of

1  defendants, and each of them, to other operators of other restaurants and other public facilities,

2  and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

3      36.    Plaintiffs are informed and believe and therefore allege that defendants

4  RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID

5  MERLIN an individual dba BENJARONG THAI CUISINE; and DOES 1-20, inclusive, and each

6  of them, caused the subject building(s) which constitute the restaurant to be constructed, altered

7  and maintained in such a manner that persons with physical disabilities were denied full and

8  equal access to, within and throughout said building(s) of the restaurant and were denied full and

9  equal use of said public facilities.  Furthermore, on information and belief, defendants have

10  continued to maintain and operate said restaurant and/or its building(s) in such conditions up to

11  the present time, despite actual and constructive notice to such defendants that the configuration

12  of BENJARONG THAI CUISINE and/or its building(s) is in violation of the civil rights of

13  persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff

14  DREES and the disability community which DREES serves.  Such construction, modification,

15  ownership, operation, maintenance and practices of such public facilities are in violation of Civil

16  Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, et

17  seq.

18      37.    On personal knowledge, information and belief, the basis of defendants' actual

19  and constructive notice that the physical configuration of the facilities including, but not limited

20  to, architectural barriers constituting the BENJARONG THAI CUISINE and/or building(s) was

21  in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes,

22  but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,

23  owners of other restaurants, hotels, motels and businesses, notices they obtained from

24  governmental agencies upon modification, improvement, or substantial repair of the subject

25  premises and other properties owned by these defendants, newspaper articles and trade

26  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

27  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000,

28  and other similar information.  Defendants' failure, under state and federal law, to make the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    BENJARONG THAI CUISINE accessible is further evidence of defendants' conscious disregard

2    for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being

3    informed of such effect on plaintiff and other persons with physical disabilities due to the lack of

4    accessible facilities, defendants, and each of them, knowingly and willfully refused to take any

5    steps to rectify the situation and to provide full and equal access for plaintiffs and other persons

6    with physical disabilities to the restaurant.  Said defendants, and each of them, have continued

7    such practices, in conscious disregard for the rights of plaintiffs and other persons with physical

8    disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had

9    further actual knowledge of the architectural barriers referred to herein by virtue of the demand

10   letter addressed to the defendants and served concurrently with the summons and complaint.

11   Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons

12   with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

13   safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble

14   damages per Civil Code §§52 and 54.3.

15       38.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

16   the disability community which it serves, consisting of persons with disabilities, would, could

17   and will return to the subject public accommodation when it is made accessible to persons with

18   disabilities.

19   **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
     **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
20   **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, et seq.)**
     (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
21   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
     benefit corporation and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF
22   THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba
     BENJARONG THAI CUISINE; and DOES 1-20, inclusive)
23   (42 U.S.C. §12101, et seq.)

24       39.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

25   the allegations contained in paragraphs 1 through 38 of this complaint.

26       40.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

27   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

28   protect:

some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

41.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

42.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, et seq.).  Among the public accommodations identified for purposes of this title was:

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

(B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

43.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

44.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),
42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria
that screen out or tend to screen out an individual with a disability
or any class of individuals with disabilities from fully and equally
enjoying any goods, services, facilities, privileges, advantages, or
accommodations, unless such criteria can be shown to be necessary
for the provision of the goods, services, facilities, privileges,
advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in
policies, practices, or procedures, when such modifications are
necessary to afford such goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities,
unless the entity can demonstrate that making such modifications
would fundamentally alter the nature of such goods, services,
facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
privilege, advantage, or accommodation being offered or would
result in an undue burden;

(iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,

Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, et seq.

Effective January 31, 1993, the standards of the ADA were also incorporated into California

Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and

52(a) and 54.3

45.     The removal of the barriers complained of by plaintiffs as hereinabove alleged

was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

BENJARONG THAI CUISINE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information

1    and belief, if the removal of all the barriers complained of herein together was not "readily

2    achievable," the removal of each individual barrier complained of herein was "readily

3    achievable." On information and belief, defendants' failure to remove said barriers was likewise

4    due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C.

5    §12182 (b)(2)(A)(i)and (ii).

6        46.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

7    accomplishable and able to be carried out without much difficulty or expense." The statute

8    defines relative "expense" in part in relation to the total financial resources of the entities

9    involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

10   plaintiffs complain of herein were and are "readily achievable" by the defendants under the

11   standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

12   not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

13   make the required services available through alternative methods which were readily achievable.

14       47.    On information and belief, construction work on, and modifications of, the subject

15   building(s) of BENJARONG THAI CUISINE occurred after the compliance date for the

16   Americans with Disabilities Act, January 26, 1992, independently triggering access requirements

17   under Title III of the ADA.

18       48.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, et

19   seq., plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

20   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

21   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

22   are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from

23   returning to or making use of the public facilities complained of herein so long as the premises

24   and defendants' policies bar full and equal use by persons with physical disabilities.

25       49.    42 U.S.C. 12188 (a)(1) states:. "Nothing in this section shall require a person with

26   a disability to engage in a futile gesture if such person has actual notice that a person or

27   organization covered by this title does not intend to comply with its provisions". Pursuant to this

28   section, plaintiff CRAIG YATES  has not returned to defendants' premises since on or about

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  March 7, 2008, but on information and belief, alleges that defendants have continued to violate

2  the law and deny the rights of plaintiffs and of other persons with physical disabilities to access

3  this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

4  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

5  facilities readily accessible to and usable by individuals with disabilities to the extent required by

6  this title".

7      50.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

8  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

9  the Americans with Disabilities Act of 1990, including but not limited to an order granting

10  injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

11  deemed to be the prevailing party.

12      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

13  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
         IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
14      (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT,
         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
15      benefit corporation, and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF
         THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba
16      BENJARONG THAI CUISINE; and DOES 1-20, inclusive)
         (California Civil Code §§54, 54.1, 54.3, et seq.)

17

18      51.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

    allegations contained in paragraphs 1 through 50 of this complaint.

19

20      52.    At all times relevant to this action, California Civil Code §54 has provided that

    persons with physical disabilities are not to be discriminated against because of physical

21

22  handicap or disability.  This section provides that:

                (a) Individuals with disabilities . . . have the same rights as
23          the general public to full and free use of the streets, highways,
            sidewalks, walkways, public buildings, medical facilities, including
24          hospitals, clinics, and physicians' offices, and other public places.

25      53.    California Civil Code §54.1 provides that persons with disabilities shall not be

26  denied full and equal access to places of public accommodation or facilities:

                (a)(1) Individuals with disabilities shall be entitled to full
27          and equal access, as other members of the general public, to
            accommodations, advantages, facilities, medical facilities,
28

including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited; subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

54.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

55.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' BENJARONG THAI CUISINE. As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the subject restaurant because of their knowledge and belief that the

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1  restaurant is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

2      Any person or persons, firm or corporation, who denies or
3      interferes with admittance to or enjoyment of the public facilities
    as specified in Sections 54 and 54.1 or otherwise interferes with
    the rights of an individual with a disability under Sections 54, 54.1
4      and 54.2 is liable for each offense for the actual damages and any
    amount as may be determined by a jury, or the court sitting without
5      a jury, up to a maximum of three times the amount of actual
    damages but in no case less than . . .one thousand dollars ($1,000)
6      and . . . attorney's fees as may be determined by the court in
    addition thereto, suffered by any person denied any of the rights
7      provided in Sections 54, 54.1 and 54.2.

8      Civil Code §54.3(a)

9      56.    On or about August 1, 2007, August 7, 2007, August 12, 2007, December 17,

10  2007 and March 7, 2008, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and

11  54.1 in that plaintiff CRAIG YATES was denied access to the entrance and other public facilities

12  as stated herein at the BENJARONG THAI CUISINE on the basis that plaintiff CRAIG YATES

13  was a person with physical disabilities.

14      57.    As a result of the denial of equal access to defendants' facilities due to the acts

15  and omissions of defendants, and each of them, in owning, operating and maintaining these

16  subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

17  limited to rights under Civil Code §§54, 54.1 and 54.3.

18      58.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

19  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

20  and worry, all of which are expectedly and naturally associated with a denial of access to a

21  person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants'

22  actions and omissions to act constituted discrimination against plaintiff on the sole basis that

23  plaintiffs are persons or an entity that represents persons with physical disabilities and unable,

24  because of the architectural barriers created and maintained by the defendants in violation of the

25  subject laws, to use the public facilities hereinabove described on a full and equal basis as other

26  persons.

27      59.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

28  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

1    plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

2    about August 1, 2007, August 7, 2007, August 12, 2007, December 17, 2007 and March 7, 2008,

3    and on a continuing basis since then, including statutory damages, a trebling of all of actual

4    damages, general and special damages available pursuant to §54.3 of the Civil Code according to

5    proof.

6        60.    As a result of defendants', and each of their, acts and omissions in this regard,

7    plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

8    plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

9    disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

10    the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit

11    for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

12    plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

13    to compel the defendants to make their facilities accessible to all members of the public with

14    disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

15    the provisions of §1021.5 of the Code of Civil Procedure.

16        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

17    **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, ET. SEQ.**
18    (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT,
      EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
19    benefit corporation and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF
      THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba
20    BENJARONG THAI CUISINE; and DOES 1-20, inclusive)
      (Health & Safety Code §19955, et seq.)

21
22        61.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

     the allegations contained in paragraphs 1 through 60 of this complaint.
23
     ///
24   ///
25   ///
26   ///
27   ///
28

62.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or
> facilities constructed in this state with private funds adhere to the
> provisions of Chapter 7 (commencing with Sec. 4450) of Division
> 5 of Title 1 of the Government Code. For the purposes of this part
> "public accommodation or facilities" means a building, structure,
> facility, complex, or improved area which is used by the general
> public and shall include auditoriums, hospitals, theaters,
> restaurants, hotels, motels, stadiums, and convention centers.
> When sanitary facilities are made available for the public, clients or
> employees in such accommodations or facilities, they shall be
> made available for the handicapped.

63.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the BENJARONG THAI CUISINE and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the subject restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said BENJARONG THAI CUISINE and/or building to be subject to the requirements of Part 5.5, §19955, et seq., of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

64.     Pursuant to the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of subject restaurant and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications. A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and

1  specifications described in the American Standards Association Specifications and/or those

2  contained in Title 24 of the California Building Standards Code.

3      65.    Restaurants such as the BENJARONG THAI CUISINE are "public

4  accommodations or facilities" within the meaning of Health & Safety Code §19955, et seq.

5      66.    As a result of the actions and failure to act of defendants, and as a result of the

6  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

7  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

8  plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal

9  access to public facilities.

10      67.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

11  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

12  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

13  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

14  and to take such action both in plaintiffs' own interests and in order to enforce an important right

15  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

16  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

17  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Civil Code §§54.3 and 55.

18  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

19      68.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

20  them, to make the subject place of public accommodation readily accessible to and usable by

21  persons with disabilities.

22

23

24

25

26

27

28

1    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2  IV.   **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
         EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
3        **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET
         SEQ. (THE UNRUH CIVIL RIGHTS ACT)**
4        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
5        benefit corporation, and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF
         THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba
6        BENJARONG THAI CUISINE; and DOES 1-20, inclusive)
         (Civil Code §51, 51.5)

7

8    69.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

9  the allegations contained in paragraphs 1 through 68 of this complaint.

10   70.   Defendants' actions and omissions and failure to act as a reasonable and prudent

11  public accommodation in identifying, removing and/or creating architectural barriers, policies,

12  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

13  Unruh Act provides:

14           This section shall be known, and may be cited, as the
         Unruh Civil Rights Act.
15           All persons within the jurisdiction of this state are free and
         equal, and no matter what their sex, race, color, religion, ancestry,
16       national origin, or **disability** are entitled to the full and equal
         accommodations, advantages, facilities, privileges, or services in
17       all business establishments of every kind whatsoever.

18           This section shall not be construed to confer any right or
         privilege on a person that is conditioned or limited by law or that is
19       applicable alike to persons of every sex, color, race, religion,
         ancestry, national origin, or **disability.**

20           Nothing in this section shall be construed to require any
         construction, alteration, repair, structural or otherwise, or
21       modification of any sort whatsoever, beyond that construction,
         alteration, repair, or modification that is otherwise required by
22       other provisions of law, to any new or existing establishment,
         facility, building, improvement, or any other structure . . . nor shall
23       anything in this section be construed to augment, restrict, or alter in
         any way the authority of the State Architect to require construction,
24       alteration, repair, or modifications that the State Architect
         otherwise possesses pursuant to other . . . laws.

26           A violation of the right of any individual under the
         Americans with Disabilities Act of 1990 (Public Law 101-336)
27  ///   shall also constitute a violation of this section.

28  ///

1    As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2    "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

3    failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4    failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5    defendants, and each of them.

6        71.    The acts and omissions of defendants stated herein are discriminatory in nature

7    and in violation of Civil Code §51.5:

8                No business establishment of any kind whatsoever shall
        discriminate against, boycott or blacklist, refuse to buy from, sell
9        to, or trade with any person in this state because of the race, creed,
        religion, color, national origin, sex, or **disability** of the person or of
10        the person's partners, members, stockholders, directors, officers,
        managers, superintendents, agents, employees, business associates,
11        suppliers, or customers.

12                As used in this section, "person" includes any person, firm
        association, organization, partnership, business trust, corporation,
13        limited liability company, or company.

14                Nothing in this section shall be construed to require any
        construction, alteration, repair, structural or otherwise, or
15        modification of any sort whatsoever, beyond that construction,
        alteration, repair or modification that is otherwise required by other
16        provisions of law, to any new or existing establishment, facility,
        building, improvement, or any other structure . . . nor shall
17        anything in this section be construed to augment, restrict or alter in
        any way the authority of the State Architect to require construction,
18        alteration, repair, or modifications that the State Architect
        otherwise possesses pursuant to other laws.

19
        72.    Defendants' acts and omissions as specified have denied to plaintiffs full and
20
    equal accommodations, advantages, facilities, privileges and services in a business establishment,
21
    on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
22
    Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
23
    violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
24
    Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate
25
    the entirety of their above cause of action for violation of the Americans with Disabilities Act at
26
    ¶¶39, et seq., as if repled herein.
27

28

73.     As a legal result of the violation of plaintiff CRAIG YATES's civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages.

74.     Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

I.    **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE; and DOES 1-20, inclusive)
(42 U.S.C. §12101, et seq.)

1.      For injunctive relief, compelling defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE; and DOES 1-20, inclusive, to make the BENJARONG THAI CUISINE, located at 1968 Lombard Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, et seq., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE, and DOES 1-20, inclusive)
(California Civil Code §§54, 54.1, 54.3, et seq.)

1.    For injunctive relief, compelling defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE; and DOES 1-20, inclusive, to make the BENJARONG THAI CUISINE, located at 1968 Lombard Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE; and DOES 1-20, inclusive)
(California Civil Code §§54, 54.1, 54.3, et seq.)

1.    General and compensatory damages according to proof.

///
///
///
///

**IV.** **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, ET. SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE; and DOES 1-20, inclusive)
(Health & Safety code §19955, et seq.)

1.    For injunctive relief, compelling defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE, and DOES 1-20, inclusive, to make the BENJARONG THAI CUISINE, located at 1968 Lombard Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or Civil Code §55, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.** **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE , and DOES 1-20, inclusive)
(California Civil Code §§51, 51.5, et seq.)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52 (a), if plaintiff are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants RAYMOND F. STIAVETTI TRUSTEE OF THE RAYMOND STIAVETTI TRUST; DAVID MERLIN an individual dba BENJARONG THAI CUISINE, and DOES 1-20, inclusive)
(California Civil Code §§51, 51.5, et seq.)

1.    General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: _3/11/08_, 2008    THOMAS E. FRANKOVICH
                         A PROFESSIONAL LAW CORPORATION


                         By: _____
                              THOMAS E. FRANKOVICH
                              Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                              RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
                              HELPING YOU HELP OTHERS, a California public
                              benefit corporation


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _3/11/08_, 2008    THOMAS E. FRANKOVICH
                         A PROFESSIONAL LAW CORPORATION


                         By: _____
                              THOMAS E. FRANKOVICH
                              Attorneys for Plaintiffs CRAIG YATES and
                              DISABILITY RIGHTS, ENFORCEMENT, EDUCATION
                              SERVICES: Helping YOU HELP OTHERS, a California
                              public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

EXHIBIT A

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903


September 18, 2007


Manager
Benjarong Thai Restaurant
1968 Lombard Street
San Francisco, CA 94123

Dear Manager of Benjarong Thai Restaurant:

On three occasions, I visited Benjarong Thai Restaurant.   As I use a wheelchair, I had problems with the step.  I couldn't get in the restaurant.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of this problem within the next three months.  I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge.  I'd like to come back to the food once it's accessible to me.  I may still come back before you do the work just because I like the place.  If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible.  That's a great deal.  You can get information on this from the two places I mentioned above.  You should talk to your accountant about it.  Maybe your account already has this information or knows about it.

Thank you for considering my request.


Sincerely,

Craig Thomas Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903


September 18, 2007


Owner of the Building
Benjarong Thai Restaurant
1968 Lombard Street
San Francisco, CA 94123

Dear Owner of Building for Benjarong Thai Restaurant:

On three occasions, I visited Benjarong Thai Restaurant.   As I use a wheelchair, I had problems with the step.  I couldn't get in the restaurant.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of this problem within the next three months.  I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge.  I'd like to come back to the food once it's accessible to me.  I may still come back before you do the work just because I like the place.  If there is some problem doing this please let me know.  Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible.  That's a great deal.  You can get information on this from the two places I mentioned above.  You should talk to your accountant about it.  Maybe your account already has this information or knows about it.

Thank you for considering my request.


Sincerely,

Craig Thomas Yates

# EXHIBIT B

COPY

1   TYLER M. PAETKAU, Bar No. 146305
    OLGA SAVAGE, Bar No. 252009
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street
    20th Floor
4   San Francisco, CA  94108.2693
    Telephone:   415.433.1940

5

6   Attorneys for Defendants DAVID MERLIN dba
    BENJARONG THAI CUISINE and RAYMOND F.
    STIAVETTI (erroneously sued as "RAYMOND F.
7   STIAVETTI TRUSTEE OF THE RAYMOND
    STIAVETTI TRUST)

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF SAN FRANCISCO

11  CRAIG YATES, an individual; and           Case No. CGC-08-473716
    DISABILITY RIGHTS ENFORCEMENT,
12  EDUCATION, SERVICES:  HELPING            **DEFENDANTS' ANSWER TO**
    YOU HELP OTHERS, a California public     **PLAINTIFFS' UNVERIFIED COMPLAINT**
13  benefit corporation,                     **FOR DAMAGES AND INJUNCTIVE**
                                             **RELIEF**
14              Plaintiffs,
                                             Complaint Filed:  March 27, 2008
15        v.                                 Trial Date:        None

16  BENJARONG THAI CUISINE;
    RAYMOND F. STIAVETTI TRUSTEE
17  OF THE RAYMOND STIAVETTI
    TRUST; DAVID MERLIN, an individual
18  dba BENJARONG THAI CUISINE; and
    DOES 1-20, inclusive,
19
                Defendants.
20

21        Defendants DAVID MERLIN dba BENJARONG THAI CUISINE and

22  RAYMOND F. STIAVETTI (erroneously sued as "RAYMOND F. STIAVETTI TRUSTEE OF

23  THE RAYMOND STIAVETTI TRUST) (hereinafter collectively, "Defendants") answer Plaintiffs

24  CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:

25  HELPING YOU HELP OTHERS' (hereinafter collectively "Plaintiffs") unverified Complaint

26  alleging denial of access by a public accommodation in violation of the Americans with

27  Disabilities Act, denial of full and equal access in violation of the California Civil Code, denial of

28  accessible sanitary facilities in violation of the California Health & Safety Code and denial of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-08-473716

1   access to full and equal accommodations, advantages, facilities, privileges and/or services in

2   violation of the California Unruh Civil Rights Act on file in the above-entitled action as follows:

### GENERAL DENIAL

4          Pursuant to Code of Civil Procedure section 431.30(d), Defendants hereby answer the

5   Complaint filed by Plaintiffs by generally denying each and every allegation contained therein, by

6   denying that Plaintiffs have been damaged or have sustained any damages as a result of the conduct

7   alleged therein, and by asserting the following separate and distinct affirmative defenses:

### AFFIRMATIVE DEFENSES

9          As separate and distinct affirmative defenses to Plaintiffs' unverified Complaint,

10  Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE –

12  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

13  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

14  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

15  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

16  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

17  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

18  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

19          Defendants allege that neither the Complaint, nor any cause of action set forth

20  therein, states facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE –

22  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

23  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

24  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

25  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

26  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

27  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

28  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-08473716

1   Defendants allege that Plaintiffs' causes of action are barred, in whole or in part, by

2   all of the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE –

4   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

5   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

6   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

7   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

8   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

9   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

10  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

11  Defendants allege that Plaintiffs' claims are barred, in whole or in part, because

12  Plaintiffs have not suffered, and will not suffer, irreparable harm as a result of any of the alleged

13  conduct and/or omissions of Defendants.

### FOURTH AFFIRMATIVE DEFENSE –

15  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

16  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

17  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

18  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

19  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

20  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

21  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

22  Defendants allege that Plaintiffs' claims for injunctive relief are barred, in whole or in

23  part, because Plaintiffs' legal remedies are adequate.

### FIFTH AFFIRMATIVE DEFENSE –

25  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

26  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

27  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

28  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages        Case No. CGC-08473716

1   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

2   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

3   BY DEFENDANTS AGAINST ALL PLAINTIFFS)

4           Defendants allege that Plaintiffs' claims are barred from any remedy, or certain

5   remedies, under the doctrines of laches, waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE –

7   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

8   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

9   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

10  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

11  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

12  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

13  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

14          Defendants allege that Plaintiffs' claims are barred from any remedy, or certain

15  remedies, under the doctrine of unclean hands.  See *Molski v. Mandarin Touch Restaurant*, 359 F.

16  Supp. 2d 924 (C.D. Cal. 2005) (holding that plaintiff's counsel, the Frankovich Group, must seek

17  leave of court before filing any claims under the Americans with Disabilities Act) *affirmed by*

18  *Molski v. Evergreen Dynasty Corp.*, 2007 U.S. App. LEXIS 20966 (9th Cir. 2007); *Molski v.*

19  *Mandarin Touch Restaurant*, 347 F. Supp. 2d 860 (C.D. Cal. 2004) (finding that a claim under the

20  American with Disabilities Act against defendants constituted vexatious litigation).

### SEVENTH AFFIRMATIVE DEFENSE –

22  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

23  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

24  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

25  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

26  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

27  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

28  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

1    Defendants allege that Plaintiff Disability Rights Enforcement, Education, Services:

2    Helping You Help Others lacks standing to sue.

3    **EIGHTH AFFIRMATIVE DEFENSE –**

4    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

5    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

6    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

7    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

8    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

9    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

10   BY DEFENDANTS AGAINST ALL PLAINTIFFS)

11   Defendants allege that Plaintiffs have failed to mitigate their alleged damages.

12   **NINTH AFFIRMATIVE DEFENSE**

13   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

14   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

15   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

16   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

17   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

18   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

19   BY DEFENDANTS AGAINST ALL PLAINTIFFS)

20   Defendants allege that Civil Code §§ 51, 52, 54, 54.1 and 54.3 and Health and Safety

21   Code §§ 19955 et seq. do not create a private cause of action for damages for alleged discrimination.

22   Civil Code § 55 provides only a private cause of action to enjoin such alleged statutory violations.

23   **TENTH AFFIRMATIVE DEFENSE –**

24   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

25   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

26   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

27   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

28   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

5.

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-08473716

1  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

2  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

3         Assuming, *arguendo*, that Plaintiffs were denied access to a place of public

4  accommodation, Defendants allege that such exclusion was not unlawful because access could not

5  be provided to Plaintiffs without causing undue hardship to Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE –

7  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

8  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

9  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

10  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

11  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

12  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

13  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

14         Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility,

15  Defendants allege that such exclusion was not lawful because access could not be provided to

16  Plaintiffs without fundamentally altering the nature and/or character of the business establishment

17  and the goods and services provided therein.

### TWELFTH AFFIRMATIVE DEFENSE –

19  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

20  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

21  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

22  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

23  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

24  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

25  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

26         Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility,

27  Defendants allege that such exclusion was not unlawful because barrier removal was not readily

28  achievable.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1    **THIRTEENTH AFFIRMATIVE DEFENSE –**

2    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

3    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

4    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

5    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

6    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

7    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

8    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

9    Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility,

10    Defendants allege that such exclusion was not unlawful because the facility operated by Defendants

11    was not a newly constructed facility nor did it have any alterations, requiring compliance with Title

12    III of the American's with Disabilities Act, or Title 24 of the California Code of Regulations, during

13    the relevant time frame.

14    **FOURTEENTH AFFIRMATIVE DEFENSE –**

15    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

16    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

17    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

18    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

19    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

20    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

21    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

22    Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility for the

23    reasons set forth in Paragraphs 14 and 15 of the Complaint, Defendants allege that she has no

24    liability for any such allegedly unlawful conditions because Defendant does not and has not exerted

25    custody and/or control over the sidewalk. Therefore, Defendants are improperly joined.

26    **FIFTEENTH AFFIRMATIVE DEFENSE –**

27    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

28    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-08473716

1    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

2    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

3    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

4    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

5    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

6         Assuming, *arguendo*, that the facilities at issue were designed, developed,

7    constructed, modified and/or altered in violation of federal and/or California law, Defendants allege

8    that all legal requirements for access by disabled persons have been met through the obtaining of

9    necessary permits from appropriate legal authorities for the construction, alteration or modification

10   of the premises, and that Defendants reasonably relied on the actions of such legal authorities.

11        **SIXTEENTH AFFIRMATIVE DEFENSE –**

12   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

13   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

14   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

15   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

16   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

17   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

18   BY DEFENDANTS AGAINST ALL PLAINTIFFS)

19        Assuming, *arguendo*, that the facilities at issue were designed, developed,

20   constructed, modified and/or altered in violation of federal and/or California law, Defendants allege

21   that they had no such knowledge.

22        **SEVENTEENTH AFFIRMATIVE DEFENSE –**

23   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

24   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

25   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

26   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

27   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

28   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-08473716

1  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

2       Defendants allege that they did not deny Plaintiffs full and equal access to goods,

3  services, facilities, privileges, advantages or accommodations within a public accommodation

4  owned, leased and/or operated by Defendants as required by federal law, including, but not limited

5  to the ADA and/or California law, including, but not limited to, Civil Code §§ 51, 52, 54, 54.1, 54.3,

6  and 55.

7  <div align="center">**EIGHTEENTH AFFIRMATIVE DEFENSE –**</div>

8  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

9  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

10  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

11  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

12  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

13  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

14  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

15       Defendants allege that they provided Plaintiffs with alternative methods for access to

16  the facility.

17  <div align="center">**NINETEENTH AFFIRMATIVE DEFENSE –**</div>

18  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

19  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

20  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

21  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

22  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

23  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

24  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

25       Defendants allege that Plaintiffs have failed to exhaust the administrative remedies

26  available to them.

27  <div align="center">**TWENTIETH AFFIRMATIVE DEFENSE –**</div>

28  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

<div align="center">9.</div>

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

1  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

2  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

3  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

4  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

5  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

6  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

7         Defendants allege that Plaintiffs failed to notify Defendants of their need, if any, for

8  equivalent service and access or accommodation, and failed to allow Defendants the opportunity to

9  provide such.

10  ### TWENTY-FIRST AFFIRMATIVE DEFENSE –

11  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

12  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

13  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

14  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

15  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

16  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

17  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

18         Defendants allege that the acts or omissions alleged were the proximate result of the

19  conduct of third persons such that Defendants cannot be held liable for such acts or omissions, and

20  that said third persons owe a duty to Defendants to indemnify it for any damages, attorney's fees

21  and/or costs incurred as a result of their litigation.

22  ### TWENTY-SECOND AFFIRMATIVE DEFENSE –

23  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

24  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

25  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

26  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

27  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

28  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

10.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

2          Defendants allege that the alleged acts or omissions to which Plaintiffs refer which

3  form the basis of Plaintiffs' Complaint were done, if at all, in good faith, honestly and without

4  malice and Defendants have not violated any rights Plaintiffs may have under federal, state or local

5  laws, regulations or guidelines.

6                          **TWENTY-THIRD AFFIRMATIVE DEFENSE –**

7  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

8  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

9  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

10  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

11  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

12  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

13  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

14          Defendants allege that the cost of some or all of the modifications to the subject

15  properties that Plaintiffs seeks to have imposed upon Defendants are disproportionate in terms of the

16  cost and scope to that of any alterations made within the statutory period, if any.

17                          **TWENTY-FOURTH AFFIRMATIVE DEFENSE –**

18  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

19  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

20  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

21  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

22  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

23  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

24  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

25          Defendants allege that they granted Plaintiffs access to the subject facilities, and if

26  Plaintiffs were in fact excluded from the subject facility, any such exclusion was for reasons

27  rationally related to the services performed and the facilities provided by Defendants.

28                          **TWENTY-FIFTH AFFIRMATIVE DEFENSE –**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
ian Francisco, CA  94108.2693
415 433 1940

11.

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-08473716

1   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

2   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

3   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

4   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

5   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

6   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

7   BY DEFENDANTS AGAINST ALL PLAINTIFFS)

8           Defendants allege that they have fulfilled any obligation that they may have had to

9   reasonably accommodate Plaintiffs' alleged disabilities.

10                      **TWENTY-SIXTH AFFIRMATIVE DEFENSE –**

11  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

12  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

13  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

14  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

15  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

16  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

17  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

18          Defendants allege that any and all actions taken by Defendants, or anyone acting on

19  her behalf, if any, with respect to Plaintiffs or the conditions of the establishment in question, were

20  for lawful and legitimate, non-discriminatory reasons.

21                     **TWENTY-SEVENTH AFFIRMATIVE DEFENSE –**

22  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

23  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

24  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

25  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

26  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

27  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

28  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-08473716

1         Defendants allege that the Complaint and each and every cause of action alleged

2  therein is barred in that at all times relevant hereto, Defendants acted reasonably, in good faith and

3  without malice, based upon the relevant facts and circumstances known to her at the time she acted,

4  if at all.

5             **TWENTY-EIGHTH AFFIRMATIVE DEFENSE –**

6  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

7  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

8  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

9  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

10  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

11  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

12  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

13         Defendants allege that Defendants' services and/or facilities provided to the public

14  are readily accessible to and usable by persons with disabilities as required by California and Federal

15  laws, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.,

16  the California Disabled Persons Act, California Civil Code §§ 54 et seq., the California Unruh Civil

17  Rights Act, California Civil Code §§ 51 et seq., and the California Health and Safety Code Part 5.5.

18             **TWENTY-NINTH AFFIRMATIVE DEFENSE –**

19  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

20  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

21  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

22  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

23  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

24  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

25  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

26         Defendants allege that Plaintiffs were not true customers of the business, and that

27  Plaintiffs were merely testers engaged in visiting the subject facilities in order to ascertain whether

28  there were any purported ADA and/or related violations.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages      Case No. CGC-08473716

1    **THIRTIETH AFFIRMATIVE DEFENSE –**

2    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

3    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

4    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

5    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

6    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

7    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

8    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

9         Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility,

10    Defendants allege that it would be structurally impracticable to design and construct the facility to

11    make it reasonably accessible to people with disabilities.

12    **THIRTY-FIRST AFFIRMATIVE DEFENSE –**

13    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

14    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

15    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

16    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

17    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

18    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

19    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

20         Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility,

21    Defendants allege that such exclusion was not unlawful because the facility in which Defendants

22    operates her business was not a newly constructed facility, nor did it have any alterations requiring

23    compliance with any applicable law during the relevant timeframe.

24    **THIRTY-SECOND AFFIRMATIVE DEFENSE –**

25    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

26    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

27    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

28    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

14.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-08473716

1    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

2    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

3    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

4           Defendants allege that Plaintiffs did not exercise due caution or care with respect to

5    matters alleged in the Complaint and if, in fact, Plaintiffs suffered any damage or injury, Plaintiffs

6    contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to

7    which Plaintiffs might otherwise by entitled must be denied or reduced accordingly.

8                 **THIRTY-THIRD AFFIRMATIVE DEFENSE –**

9    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

10    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

11    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

12    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

13    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

14    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

15    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

16           Defendants allege that Plaintiffs had equal access to the facilities at issue as non-

17    disabled individuals.

18               **THIRTY-FOURTH AFFIRMATIVE DEFENSE –**

19    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

20    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

21    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

22    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

23    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

24    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

25    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

26           Defendants allege that Plaintiffs are not legally entitled to recover any attorneys' fees

27    with regard to this matter.

28               **THIRTY-FIFTH AFFIRMATIVE DEFENSE –**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

2    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

3    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

4    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

5    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

6    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

7    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

8            Defendants allege that Plaintiffs have failed to state facts sufficient to set forth

9    claim(s) for punitive, treble and/or exemplary damages.

10    **THIRTY-SIXTH AFFIRMATIVE DEFENSE –**

11    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

12    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

13    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

14    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

15    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

16    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

17    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

18            Defendants allege that Plaintiffs have failed to allege special damages with the

19    requisite degree of specificity.

20    **THIRTY-SEVENTH AFFIRMATIVE DEFENSE –**

21    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

22    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

23    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

24    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

25    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

26    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

27    BY DEFENDANTS AGAINST ALL PLAINTIFFS)

28            Defendants allege that California Civil Code §§ 54.3 and 55, providing for public

16.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1    prosecution and private injunctive relief for violations of Civil Code § 54.1, are to be exclusive and

2    damages provided for by Civil Code § 52 are not recoverable for such violations.

3    <center>**THIRTY-EIGHTH AFFIRMATIVE DEFENSE –**</center>

4    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

5    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

6    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

7    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

8    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

9    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

10   BY DEFENDANTS AGAINST ALL PLAINTIFFS)

11   <center>Defendants allege that they owed no duty of care toward Plaintiffs.</center>

12   <center>**THIRTY-NINTH AFFIRMATIVE DEFENSE –**</center>

13   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

14   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

15   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

16   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

17   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

18   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

19   BY DEFENDANTS AGAINST ALL PLAINTIFFS)

20   Defendants allege that Plaintiffs' alleged injuries and alleged damages, if any, were

21   proximately caused and contributed to by the negligence of Plaintiffs.

22   <center>**FORTIETH AFFIRMATIVE DEFENSE –**</center>

23   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

24   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

25   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

26   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

27   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

28   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

<center>17.</center>

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages            Case No. CGC-08473716

1  BY DEFENDANTS AGAINST ALL PLAINTIFFS)

2          Defendants allege that Plaintiffs did not make any attempt to enter the subject facility.

3                  **FORTY-FIRST AFFIRMATIVE DEFENSE –**

4  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

5  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

6  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

7  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

8  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

9  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

10 BY DEFENDANTS AGAINST ALL PLAINTIFFS)

11         Defendants allege that they did not deny Plaintiffs full and equal access to goods,

12 services, facilities, privileges, advantages or accommodations within a public accommodation

13 owned, leased and/or operated by Defendants as required by federal law, including, but not limited

14 to the ADA and/or California law, including, but not limited to, Civil Code §§ 51, 52, 54, 54.1, 54.3,

15 and 55.

16                  **FORTY-SECOND AFFIRMATIVE DEFENSE –**

17 (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

18 accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

19 FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

20 ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

21 Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

22 advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

23 BY DEFENDANTS AGAINST ALL PLAINTIFFS)

24         Defendants reserve the right to amend her answer should she later discover facts

25 demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in

26 the law support the inclusion of new and/or additional defenses.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

18.

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-08473716

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1.    Plaintiffs take nothing by way of their Complaint and each claim for relief therein;

2.    The Complaint and each claim for relief therein be dismissed in entirety with prejudice;

3.    Judgment be entered in favor of Defendants and against Plaintiffs;

4.    Defendants recover their costs and reasonable attorneys' fees incurred herein;

5.    Defendants be awarded their costs of suit herein; and

6.    The Court grant Defendants such additional relief as it deem just and proper.

Dated: June 12, 2008

TYLER M. PAETKAU
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants DAVID MERLIN
dba BENJARONG THAI CUISINE and
RAYMOND F. STIAVETTI (erroneously sued
as "RAYMOND F. STIAVETTI TRUSTEE
OF THE RAYMOND STIAVETTI TRUST)

Firmwide:85497741.1 999998.2008

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages                    Case No. CGC-08473716

## PROOF OF SERVICE BY MAIL

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 12, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

in a sealed envelope, postage fully paid, addressed as follows:

Thomas E. Frankovich, Esq.
2806 Van Ness Avenue
San Francisco, CA 94109
Tel (415) 674-8600
Fax (415) 674-9900

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 12, 2008, at San Francisco, California.

Heather M. Figueroa

Firmwide:85552967.1 999998.2008

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940